**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA**

TANISHA FENDERSON,

Plaintiff,

VS.

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION, LLC;
TARGET NATIONAL BANK,
FIRSTSOURCE ADVANTAGE, LLC,

Defendants.

CASE NO: 2:09- CV-557- WKW-CSC

JURY TRIAL DEMANDED

## COMPLAINT

**COMES NOW**, the Plaintiff, TANISHA FENDERSON, by and through the undersigned attorney and states the complaint as follows:

## PRELIMINARY STATEMENT

1.      This case arises from the inaccurate reporting of a credit card account issued by Target National Bank. Through the wrongful actions of the Defendants named in this matter, an account which had derogatory and inaccurate information was reported as part of Plaintiff's credit file that was maintained by the major credit bureaus. Once this inaccurate information was discovered by Plaintiff, she took steps available under the federal law to attempt to remove the inaccurate information from her credit files. However, despite her providing information to the credit reporting agencies and the furnisher of the credit card information which conclusively demonstrated that the information reporting on the account was inaccurate, no steps were taken by Target National Bank or the credit bureaus Experian and Trans Union to adjust the inaccurate reporting of the account on Plaintiff's credit file. Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA") against Target National Bank and the defendant credit reporting agencies for failing to properly investigate Plaintiff's dispute and failing to delete the inaccurate data reporting on Plaintiff's credit file. Plaintiff also brings a claim for violations under the Fair Debt Collection Practices Act ("FDCPA") as Firstsource Advantage, a collection agency, informed her that she had agreed to pay the disputed debt, which clearly was false and a violation of the FDCPA. Plaintiff also asserts claims under state law against the Defendants for negligence and defamation due to the inaccurate reporting of Plaintiff's account.

## THE PARTIES

2.      Plaintiff brings this action for damages based upon Defendants' violations

of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. and Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq.  Plaintiff seeks actual damages, punitive damages, costs and attorney's fees

3.    Plaintiff is a natural person and consumer and a resident of Autauga County, Alabama.  Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

4.    Defendant Experian Information Services ("EXPERIAN") is a corporation incorporated under the laws of Ohio.  It has its principal place of business in California.

5.    Experian is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

6.    Defendant Trans Union, LLC ("TRANS UNION") is a corporation incorporated under the laws of Illinois.  It has its principal place of business in Illinois.

7.    Trans Union is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

8.    Defendant Target National Bank, ("TARGET N.B.") is a bank doing business in Alabama, with corporate headquarters in South Dakota.  Its principal place of business is in Sioux Falls, South Dakota.  Target National Bank is a furnisher of credit as defined under the FCRA.

9.    Defendant Firstsource Advantage, LLC ("FIRSTSOURCE") is a debt collector as defined by the FDCPA, with corporate headquarters in New York, New York.  Its principal place of business is in Amherst, New York.

## JURISDICTION

10.    This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection FCRA of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

## FACTUAL ALLEGATIONS

11.    Sometime in the late 1990s, Plaintiff, under her maiden name of Tanisha L. Scott, opened up a Target Guest Card with a credit limit of under $1,000 for use in purchasing consumer goods.

12.    She later added her sister, Leslie T. Scott, as an authorized user and who would on occasion use the card for purchases.

13.     The Plaintiff, after keeping the account in good standing for several years, closed the account with Target and ceased all activity.

14.     On information and belief, sometime in 2003, Leslie T. Scott applied for and received a Target Visa credit card issued by the Defendant TARGET N.B.

15.     Several years later, Mrs. Scott filed for divorce and in the fall of 2008 filed for Chapter 7 bankruptcy protection, discharging her unsecured debt of over $8,000.00 owed on the Target Visa credit card.

16.     In late 2008, the Plaintiff began receiving billing statements from TARGET N.B. in regards to a Target Visa credit card, account number 4352375055186839 for a Tanisha L. Scott.

17.     Since her old Target account had been closed for years, she knew this account was not hers and proceeded to discus this with the customer service departments at TARGET N.B. to learn why an account was opened up in her maiden name and why there were charges of over $8,000.00 in said account, but she received no assistance and her concerns fell on deaf ears.

18.     In fact, after months of unsuccessful attempts with the Defendant to have this account removed, Plaintiff ordered her consumer reports in January 2009 from TRANS UNION, EQUIFAX and EXPERIAN and after examining the same, Plaintiff learned that all three credit reporting agencies were reporting false information about her.

19.     Plaintiff discovered the TARGET N.B. account was not only late, but reporting over 150 days past due and canceled by the credit grantor.

20.     Plaintiff contacted her sister and learned that she had just filed for bankruptcy last year and included a credit card account with TARGET N.B. and discharged a balance of over $8,000.00.

21.     Plaintiff proceeded to contact TRANS UNION, EQUIFAX and EXPERIAN and disputed the reporting of the false account with each of the credit reporting agencies. Plaintiff submitted to each of the Defendants documents conclusively demonstrating that the reporting of the false account was inaccurate and to update her credit report immediately to reflect that the account was not hers and to remove it from her credit file.

22.     Defendants received the dispute letters from the Plaintiff as each one was sent by certified mail.

23.     On information and belief, TRANS UNION, EQUIFAX and EXPERIAN contacted the creditor TARGET N.B. about the inaccurate information being reported on her credit report pursuant to the regulations and procedures provided for under the FCRA.

24.     In the disputes, Plaintiff clearly explained that the debt was not hers and included an affidavit explaining that TARGET N.B. was attempting to collect a debt that was owed by her sister Leslie Scott who just recently had filed bankruptcy.

25.     During this time, Plaintiff began receiving collection notices from FIRSTSOURCE regarding the outstanding amount on the disputed account.

26.     Plaintiff continued contacting customer service and other employees of FIRSTSOURCE asking them to update the account to reflect that it was not hers and to cease all collection activity.

27.     Plaintiff also received a harassing notice from FIRSTSOURCE informing her that she had agreed to settle the outstanding account for $6,000 and that she was to immediately make a payment to the collection agency of that amount.

28.     Plaintiff never discussed settlement with any agent of FIRSTSOURCE prior to receiving the letter or any other collection agency as she had been disputing the validity of the debt since she first discovered it.

29.     Plaintiff finally received the reinvestigation results from TRANS UNION and EXPERIAN with both credit reporting agencies verifying the account and continuing to report the derogatory and inaccurate information.

30.     The reinvestigation results from EQUIFAX show that it was the only credit reporting agency that removed the derogatory account information from her credit file.

31.     TRANS UNION and EXPERIAN failed to perform proper investigations as the account was not deleted or corrected as requested by the Plaintiff.

32.     The continued reporting by the Defendants occurred after the Plaintiff's notifications to the Defendants that the account was reporting inaccurately.

33.     Plaintiff disputed the inaccurate information reporting on her TRANS UNION and EXPERIAN credit reports several more times with each time TRANS UNION and EXPERIAN verifying the account information reporting as accurate.

34.     The Plaintiff has had numerous credit denials since disputing the inaccurate account with the credit reporting agencies, including several denials for home loans as she sought refinancing to take advantage of the low interest rates in April and May of 2009.

35.     The Plaintiff has suffered damages including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' publication of this adverse credit information.

36. Defendants have failed to conduct an adequate investigation with respect to the disputed information; failed to review all information provided by the consumer; were careless and negligent in the manner in which they carried out any investigation; and intentionally reported inaccurate information in an effort to force or coerce plaintiff into paying a debt that was not hers.

## COUNT ONE
### *Failure of Trans Union and Experian to Comply with §1681e(b) of the FCRA*

37. This is a count against TRANS UNION and EXPERIAN for violations of the FCRA and state law.

38. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

39. TRANS UNION and EXPERIAN issued, assembled, transferred and published "consumer reports," regarding the Plaintiffs, as defined in the FCRA.

40. TRANS UNION and EXPERIAN have continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiffs' consumer report(s) and disseminated.

41. TRANS UNION and EXPERIAN through their actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

42. TRANS UNION and EXPERIAN have continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

43. In fact TRANS UNION and EXPERIAN knew from its own records that the Plaintiff had filed a police report and disputed the account information.

44. TRANS UNION and EXPERIAN failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

45. TRANS UNION and EXPERIAN created, maintained and utilized a credit reporting system which is defective and does not comply with the FCRA or other laws governing Defendants' actions.

46. Upon information and belief, TRANS UNION and EXPERIAN utilize a search algorithm, which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

47.    Upon information and belief, TRANS UNION and EXPERIAN have improperly posted accounts and other data to Plaintiff's credit file(s).

48.    TRANS UNION and EXPERIAN have maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

49.    In addition to actual or compensatory damages for its negligent conduct, TRANS UNION and EXPERIAN are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

## COUNT TWO
### *Failure of Target National Bank to Comply with § 1681s-2(b) of the FCRA*

50.    This is a count against Defendant TARGET N.B. for its failure to comply with § 1681s-2(b) of the FCRA.

51.    Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

52.    After receiving notice of the dispute from Plaintiff, Defendant TARGET N.B.:

    a.    Failed to conduct an adequate investigation with regard to the disputed information;

    b.    Failed to review all relevant information provided by the consumer and provided by consumer reporting agencies;

    c.    Failed to promptly investigate and report the investigation of the consumer to consumer reporting agencies continued to report the same misleading and inaccurate information complained of above and otherwise violated the FCRA.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT THREE
### *Failure to Comply with State Laws and FCRA §1681i*

53.    This is a count against Defendants TRANS UNION and EXPERIAN for violations of the FCRA and state law.

54.     Plaintiff re-allege the relevant foregoing paragraphs of this complaint as if fully set out herein.

55.     Defendants TRANS UNION and EXPERIAN issued, assembled, transferred and published "consumer reports," regarding the Plaintiff, as defined in the FCRA.

56.     TRANS UNION and EXPERIAN have continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated.

57.     TRANS UNION and EXPERIAN failed and refused to adequately reinvestigate the disputed account of Plaintiff as required by the FCRA.

58.     TRANS UNION and EXPERIAN failed and refused to send to Defendant TARGET NATIONAL BANK all of the information regarding the disputed account that was supplied to them by the Plaintiff.

59.     TRANS UNION and EXPERIAN failed and refused to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

60.     TRANS UNION and EXPERIAN, through their actions and inactions, as described herein, caused great and irreparable injury to the Plaintiff.

61.     TRANS UNION and EXPERIAN have continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

62.     TRANS UNION and EXPERIAN failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiffs' consumer reports.

63.     TRANS UNION and EXPERIAN created, maintained and utilized a credit reporting system which is defective and does not comply with the FCRA or other laws governing Defendants' actions.

64.     Upon information and belief, Defendants TRANS UNION and EXPERIAN utilize a search algorithm, which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

65     TRANS UNION and EXPERIAN have improperly posted accounts and other data to Plaintiff's credit file(s).

66.     TRANS UNION and EXPERIAN have maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

67.     In addition to actual or compensatory damages for its negligent conduct, Defendants TRANS UNION and EXPERIAN are liable unto the Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

WHEREFORE, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT FOUR
### *Defamation*

68.     The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

69.     Between at least 2008 through the present, Defendants published to various credit reporting agencies, collection agencies, and attorneys the fact that the Plaintiff was delinquent in paying on her account.

70.     Defendants published this information both orally and in writing.

71.     Defendants had no factual basis for making the statements. Defendants knew this because Plaintiff notified Defendants that the account was not hers and should not have been removed from her credit report.

72.     Plaintiff continued to notify Defendants by letters and telephone and/or through its collection agencies that the charges and account was not hers and not authorized by her.

73      The written publications by Defendants constitute liable per se. The verbal publications constitute slander per se.

74.     Despite Plaintiff's notices, Defendants acted with malice by attempting to coerce Plaintiff into paying for charges that were not hers. Moreover, Defendant TARGET N.B. acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when it advised credit reporting agencies, credit grantors, and collection agencies that the disputed account information was that of the Plaintiff. Defendants' acts constitute express or actual malice.

75.     As a direct and proximate result of Defendants' defamation, Plaintiff has suffered extreme mental anguish, loss of reputation, loss of the ability to obtain credit,

mental anguish, and suffering, and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful, wanton, and to the total disregard of Plaintiff's rights.

WHEREFORE, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT FIVE
### Negligence and Wantonness against TARGET NATIONAL BANK

76.     Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

77.     This is a count against Defendant TARGET N.B. for negligence and wantonness under Alabama law.

78.     At all times relevant hereto TARGET N.B. owed a duty of reasonable care to the Plaintiff, persons in whose names, and upon whose identification, an account is opened to ensure that the persons opening the account and to whom account was given were not imposters.

79.     Defendant TARGET N.B.'s breach of this duty resulted in damages as alleged herein.

80.     Defendant TARGET N.B.'s breach of its duty to Plaintiff was reckless and wanton entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT SIX
### FDCPA Violations against FIRSTSOURCE ADVANTAGE, LLC

81.     Defendant FIRSTSOURCE has violated the FDCPA.  The Defendant has presented actions that are:

   a.     In a manner to harass, oppress, or abuse the Plaintiff into paying a debt she did not owe;
   b.     A use of language that the natural consequence of such use is to abuse the Plaintiff into paying a debt she did not owe;
   c.     A false and deceptive act which violates the FDCPA in other ways not specifically mentioned.

82.     Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs.

83.     Plaintiff alleges there is no debt with Defendant pursuant to 15 U.S.C. §1692a(5).

84.     As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and is entitled to an award of statutory damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

a.     Actual damages;
b.     Statutory damages pursuant to 15 U.S.C. §1692k;
c.     Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k;
d.     For such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED**,

DATED this, the ___ day of June, 2009

JAMES D. PATTERSON (PATTJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)
**Attorneys for Plaintiff**

**Law Offices of Earl P. Underwood**
**21 South Section St.**
**Fairhope, Alabama 36532**
**Phone:  251.990.5558**
**Fax:     251.990.0626**
**jpatterson@alalaw.com**

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

James D. Patterson, Esq.

**DEFENDANTS CAN BE SERVED AT THE FOLLOWING ADDRESSES:**

Target National Bank
3901 W 53rd St.
Sioux Falls, SD  57106-4221

Experian Information Solutions, LLC
PO Box 9556
Allen, TX  75013

Trans Union LLC
PO Box 2000
Chester, PA   19022-2000

Firstsource Advantage, LLC
C T Corporation System
111 Eighth Avenue
New York, NY 10011